# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

ROBERT ALAN VETTER, )
)
Plaintiff, )
)
) No. CIV 14-058-RAW-SPS
)
JUDGE MIKE NORMAN, et al., )
)
Defendants. )

## OPINION AND ORDER

While incarcerated as a pretrial detainee in the Muskogee County Detention Center (MCDC) in Muskogee, Oklahoma, Plaintiff Robert Vetter filed an amended civil rights complaint, pursuant to 42 U.S.C. § 1983. (Docket No. 7). According to the Oklahoma State Courts Network at www.oscn.net, he subsequently entered a guilty plea in Case No. CF-2013-166 and was released with credit for time served.

Plaintiff has named the following defendants in his amended complaint: Mike Norman, Muskogee County District Judge; Larry Vickers, plaintiff's public defender; Chester Thomas, landlord and pastor of the Rose of Sharon Church; Sarah LNU, MCDC CMA; and Jacob LNU, Runner for the MCDC. He is asking for monetary damages and release from custody.

The court has carefully reviewed the record and construes plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). Although plaintiff apparently has been released from the MCDC, he nonetheless is advised that a § 1983 cause of action is not the appropriate means for seeking release from custody. Rather, habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement, when the relief sought includes immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973).

Plaintiff alleges Defendant Judge Norman denied his constitutional due process rights, and Defendant Larry Vickers denied him the right to effective assistance of counsel and a

speedy trial. "[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 734-35 (1980) (citations omitted). *See also Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Court-appointed lawyers usually are not considered state actors for section 1983 purposes. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). Public defenders, however, are not immune from liability with regard to alleged conspiratorial action with state officials to deprive a criminal defendant of his federal constitutional rights. *See Tower v. Glover*, 467 U.S. 914, 920-21 (1984). Because plaintiff has not proven the existence of such a conspiracy, the court finds he has failed to state a claim against Defendant Norman or Defendant Vickers.

In Count I of the amended complaint, plaintiff alleges he was denied his right to privacy when arrested by Officer Larry Stewart. Mr. Stewart is not named as a defendant in the amended complaint, however, and plaintiff has failed to articulate "any substantial, identifiable federal [constitutional] deprivation . . . warranting federal court scrutiny." *Wise v. Bravo*, 666 F.2d 1328, 1323-33 (10th Cir. 1981). Even if Mr. Stewart had been named as a defendant, "[c]onstitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. *Id.* at 1333. "Conclusory allegations will not suffice." *Id.* (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979)).

There also is a defect in his claim against Defendant Chester Thomas, landlord and pastor of the Rose of Sharon Church. Plaintiff alleges an unspecified constitutional violation arose while Thomas was acting under color of state law, because "[u]nder Leviticus where state and government laws derive from through [sic] the United States Constitution. In God We Trust The American Modo [sic]." (Docket No. 7 at 6). There is no indication, however, that Thomas actually was acting under color of state law, a requirement of 42 U.S.C. § 1983, or that he personally participated in any constitutional violations. Therefore, plaintiff has not stated a claim against Defendant Thomas.

In Count II, plaintiff claims he was deprived of medical attention and subjected to

2

unspecified cruel and unusual punishment by Nurse Sarah and Sheriff's Runner Jacob. He asserts in Count III that he suffered physical pain, mental duress, anguish, and fear of violence. Although plaintiff is a *pro se* litigant, he is not relieved of his burden to allege sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Under 28 U.S.C. § 1915A, the court is required to review a civil action "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "[T]he court shall identity cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

After careful review, it appears that Defendants Sarah and Jacob are the only defendants against whom plaintiff may have an Eighth Amendment claim. For the claims to continue, however, plaintiff must file a second amended complaint setting forth the full names of these two defendants and specific facts supporting the allegations against them. Because plaintiff's first amended complaint does not address whether he has exhausted the administrative remedies for his claims, he is advised that this question should be answered in the second amended complaint.

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim . . . for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

Plaintiff, therefore, is directed to file a proper second amended complaint on the court's form within fourteen (14) days. The second amended complaint must include the remaining defendants, plaintiff's allegations, and supporting material to be considered by the court, and it may not reference or attempt to incorporate material from the original complaint or the first amended complaint. *See* Local Civil Rule 9.2(c). The second amended complaint may not include claims that have been dismissed by this Opinion and Order. The Court Clerk is directed to send plaintiff the form and instructions for filing the second amended complaint, along with a copy of this court's Local Civil Rule 9.2.

**ACCORDINGLY,** Defendants Judge Mike Norman, Larry Vickers, and Chester Thomas are DISMISSED from this action, pursuant to 28 U.S.C. § 1915A, for plaintiff's failure to state a claim. Plaintiff is directed to complete and return a proper second amended complaint as instructed above. Failure to comply with this order will result in dismissal of this action.

**IT IS SO ORDERED** this __27__ day of May 2014.

                                                **RONALD A. WHITE**
                                                **UNITED STATES DISTRICT JUDGE**